UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JACK G. SMITH-EL,

    Plaintiff,

v.                                        Civil No. 2:11-CV-15342

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,

    Defendants,
_____/

**ORDER DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S COMPLAINT FOR LACK OF PROSECUTION**

Plaintiff Jack G. Smith-El, an inmate currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff also filed an application to proceed without prepayment of fees and costs, pursuant to 28 U.S.C. § 1915(a), which the court granted. (Order Granting Application to Proceed Without Prepayment of Fees, Dec. 12, 2012, Dkt. #4) On December 12, 2011, Magistrate Judge R. Steven Whalen entered a deficiency order directing Plaintiff to provide the court, within 30 days, the contact information of the five Defendants and a sufficient number of additional copies of his complaint in order to effect proper service upon them. (Order to Correct Deficiency, Dec. 12, 2012, Dkt. # 3.) The order warned Plaintiff that failure to fully comply with the order within 30 days could result in a dismissal of his complaint without prejudice. (*Id.*) On December 22, 2011, Plaintiff provided the court with the names and addresses of the individual Defendants and filed an amended complaint, but he failed to provide a sufficient number of copies of

the complaint in order to effectuate service upon Defendants as required by Magistrate Judge Whalen's order.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994). When a plaintiff is proceeding in forma pauperis, as is the case here, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint. *See Williams v. McLemore*, 10 F. App'x 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); 28 U.S.C. § 1915(d). Nevertheless, Federal Rule of Civil Procedure 4 requires a plaintiff to provide service copies of the complaint to the court. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff . . . must furnish the necessary copies [of the complaint] to the person who makes service."). Because Plaintiff has not complied with Magistrate Judge Whalen's deficiency order or Rule 4(c)(1), the complaint will be dismissed for lack of prosecution. Accordingly,

IT IS ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 3, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 3, 2012, by electronic and/or ordinary mail.

                                          S/Lisa G. Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522