UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK SMITH,

    Plaintiff,

v.                              Case No. 11-15342

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
                                  /

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND
*EX PARTE* MOTION FOR CASE STATUS**

Plaintiff Jack Smith is an inmate currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On December 12, 2011, Magistrate Judge R. Steven Whalen signed an order directing Plaintiff to provide the court with sufficient information to effectuate service upon the five Defendants. Plaintiff was also ordered to provide a sufficient number of copies of his complaint in order to effectuate proper service upon Defendants. Plaintiff was given thirty days to respond to the order.

On December 22, 2011, Plaintiff provided the court with the names and addresses of the four individuals whom he named as Defendants in addition to the Michigan Department of Corrections. Plaintiff also filed an amended complaint, which was virtually identical to his original complaint, except that the amended complaint also included additional exhibits. Plaintiff, however, failed to provide a sufficient number of copies of the complaint in order to effectuate service upon Defendants. On February 3,

2012, the court dismissed Plaintiff's complaint without prejudice for lack of prosecution because Plaintiff had failed to comply with Magistrate Judge Whalen's deficiency order.

Plaintiff has now filed a motion to amend his complaint, a proposed supplemental amended complaint, and an *ex parte* motion for case status. For the reasons that follow, the motions are denied.

Plaintiff seeks to amend his complaint to add defendants and plead additional causes of action. The court is without power to grant Plaintiff's motion to amend his complaint because Plaintiff's case was dismissed for want of prosecution based upon his failure to cure the deficiency in his filing. This court must first reopen Plaintiff's case before Plaintiff would be permitted to submit an amended complaint. *See In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008). "Following entry of final judgment, a party may not seek to amend their [sic] complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). Therefore, unless post-judgment relief is granted, a district court does not have the power to grant a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). *Id.* (quoting *Acevedo–Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir. 1994)).

Because Plaintiff does not have a live case or controversy pending before this court and has not moved for relief from judgment, he is not entitled to amend his complaint. *Id.* Accordingly,

IT IS ORDERED that Plaintiff's motion to amend [Dkt. # 12] and *ex parte* motion for case status [Dkt. # 13] are DENIED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 28, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522