UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK G. SMITH-EL,

    Plaintiff,

v.                                      Case No. 11-15342

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al,

    Defendants.
                                                 /

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT
AND HIS MOTION FOR THE APPOINTMENT OF COUNSEL**

Plaintiff Jack Smith-El is currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On December 12, 2011, Magistrate Judge R. Steven Whalen ordered Plaintiff to provide the addresses of the five defendants he named in his complaint. Plaintiff was also ordered to provide additional copies of his complaint in order to effect proper service upon the defendants. Plaintiff was given thirty days to comply.

On December 22, 2011, Plaintiff provided the names and addresses of the four persons whom he named as defendants in addition to the Michigan Department of Corrections. Plaintiff also filed an amended complaint, which was essentially the same as his original complaint; the amended complaint included some additional exhibits. Plaintiff, however, failed to provide sufficient copies of his complaint. On February 3, 2012, the court dismissed Plaintiff's complaint without prejudice for lack of prosecution

1

because Plaintiff had failed to comply with Magistrate Judge Whalen's deficiency order. Plaintiff subsequently filed a motion to amend his complaint, a proposed supplemental amended complaint, and an *ex parte* motion for case status. On January 28, 2013, the court denied Plaintiff's motions.

Plaintiff has now once again filed a complaint, which the court construes as a motion to amend his original complaint. Plaintiff has also filed a motion for the appointment of counsel. For the reasons that follow, the motions will be denied.

The court is without power to grant Plaintiff's motion to amend his complaint because Plaintiff's case was originally dismissed for want of prosecution based upon his failure to cure the deficiency in his filing. This court would first need to reopen Plaintiff's case before Plaintiff would be permitted to submit an amended complaint. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008). "Following entry of final judgment, a party may not seek to amend their [sic] complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). Therefore, unless post-judgment relief is granted, a district court does not have the power to grant a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a). *Id.* (quoting *Acevedo–Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir.1994)). Because Plaintiff does not have a live case or controversy pending before this court and has not moved for relief from judgment, he is not entitled to amend his complaint. *Id.*

The court will also deny Plaintiff's motion for the appointment of counsel. Although there is a fundamental constitutional right to counsel in a criminal case, there

2

is no constitutional right to appointed counsel in a civil case. *See Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F. 3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F. 3d 264, 268 (6th Cir. 1996). Accordingly,

IT IS ORDERED that Plaintiff's "complaint," construed as a motion to amend the original complaint, [Dkt. # 16], and Plaintiff's motion for appointment of counsel, [Dkt. # 17], are both DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 4, 2013, by electronic and/or ordinary mail.

  s/Lisa Wagner  
Case Manager and Deputy Clerk
(313) 234-5522