**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JACK G. SMITH-EL,

    Plaintiff,

v.                                           Case No. 11-15342

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al,

    Defendants.
                                               /

**OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

      Plaintiff Jack Smith-El is currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On December 12, 2011, Magistrate Judge R. Steven Whalen ordered Plaintiff to provide the addresses of the five defendants named in his complaint and to provide additional copies of his complaint in order to effect proper service upon the defendants. Plaintiff was given thirty days to comply.

      On December 22, 2011, Plaintiff provided the names and addresses of four persons whom he named as defendants in addition to the Michigan Department of Corrections, and filed an amended complaint which was essentially the same as his original complaint except that it included some additional exhibits. Plaintiff, however, failed to provide sufficient copies of his complaint. On February 3, 2012, the court dismissed Plaintiff's complaint without prejudice for lack of prosecution because Plaintiff had failed to comply with Magistrate Judge Whalen's deficiency order.

Plaintiff subsequently filed a motion to amend his complaint, a proposed supplemental amended complaint, and an *ex parte* motion for case status. On January 28, 2013, the court denied Plaintiff's motions. Thereafter, Plaintiff filed a complaint, which the court construed as a motion to amend the original complaint filed in this matter, and a motion for appointment of counsel. On October 4, 2013, the court denied these motions. Plaintiff has now filed a motion to alter or amend judgment, in which he asks the court to set aside or vacate the February 3, 2012 order dismissing the case and the January 28, 2013 order denying Plaintiff's motion to amend the complaint and denying his *ex parte* motion.

Plaintiff is not entitled to reconsideration of the court's February 3, 2012 order or of the court's January 28, 2013 order because his present motion to alter or amend judgment is untimely. Plaintiff signed and dated his motion to alter or amend judgment on October 21, 2013. Federal Rule of Civil Procedure 59(e) provides that any motion to alter or amend a judgment shall be filed no later than twenty eight days after entry of the judgment. *See Shuler v. Garrett,* 715 F. 3d 185, 186 (6th Cir. 2013). Absent evidence to the contrary, a federal court will assume, pursuant to the "prison mailbox rule," that a prisoner gave his pleadings to prison officials on the date he signed it. *See, e.g., Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). However, applying the prison mailbox rule and even excluding Saturdays, Sundays, and legal holidays from the computation, Plaintiff's motion to alter or to amend judgment was due no later than March 14, 2012 with respect to the court's February 3, 2012 order and no later than March 7, 2013 with respect to the court's January 28, 2013 order. With respect to both

2

orders, Plaintiff's motion comes over seven months late.  The motion to alter or to amend judgment is therefore untimely.[1]

District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e).  *See FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F. 3d 678, 682 (6th Cir. 1999).  A district court judge is also without power to enlarge the time for making motions for reconsideration of his orders. *See Denley v. Shearson/American Express, Inc.,* 733 F. 2d 39, 41 (6th Cir. 1984). Simply put, the court lacks jurisdiction to entertain Plaintiff's motion to alter or amend judgment because his motion was filed more than twenty eight days after the court's February 3, 2012 order summarily dismissing Plaintiff's civil rights complaint and more than twenty eight days after the court's January 28, 2013 order denying his motion to amend the complaint and denying his *ex parte* motion for case status.  *See, e.g., Allen v. Hemingway,* 24 Fed. App'x. 346, 347 (6th Cir. 2001).  Accordingly,

IT IS ORDERED that Plaintiff's motion to alter or amend (Dkt. # 19) is DENIED.

      s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2014

---

[1]Although the motion to alter or amend judgment was filed within 28 days of the court's October 4, 2013 order denying the motions to amend the complaint and for appointment of counsel, Plaintiff does not challenge this order in his motion.  He only challenges the two earlier orders.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2014, by electronic and/or ordinary mail.

                                             s/Lisa Wagner  
                                             Case Manager and Deputy Clerk  
                                             (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-15342.SMITH.DenyMoitonAlterAmend.rljr.wpd