# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JACK G. SMITH-EL,

    Plaintiff,

v.                                              Case No. 11-15342

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
                                            /

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Now before the court is a Motion for Relief from Judgment filed by Plaintiff Jack G. Smith-El on November 19, 2014. (Dkt. # 23.) Plaintiff is currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan. Plaintiff initiated an action pursuant to 42 U.S.C. § 1983 against the Michigan Department of Corrections and members on the Parole Board. (Dkt. # 1.) On December 12, 2011, Magistrate Judge R. Steven Whalen ordered Plaintiff to provide the addresses of the defendants named in his complaint and to provide additional copies of his complaint in order to effect proper service upon the defendants. (Dkt. # 3.) Plaintiff was given thirty days to comply.

On December 22, 2011, Plaintiff provided the names and addresses of four persons whom he named as defendants in addition to the Michigan Department of Corrections, and filed an amended complaint which was essentially the same as his original complaint except that it included some additional exhibits. Plaintiff, however, failed to provide sufficient copies of his complaint. On February 3, 2012, the court dismissed Plaintiff's complaint without prejudice for lack of prosecution because Plaintiff

had failed to comply with Magistrate Judge Whalen's deficiency order. (Dkt. # 8.) Plaintiff subsequently filed a motion to amend his complaint and an *ex parte* motion for case status. The court denied both motions on January 28, 2013. (Dkt. # 14.) Next, Plaintiff filed a complaint, which the court construed as a motion to amend the original complaint filed in this matter, and a motion for appointment of counsel. On October 4, 2013, the court denied these motions. (Dkt. # 18.) Thereafter, Plaintiff filed a motion to alter or amend judgment, in which he asked the court to set aside or vacate the February 3, 2012 order dismissing the case and the January 28, 2013 order denying Plaintiff's motion to amend the complaint and denying his *ex parte* motion. The court denied the motion as untimely on July 24, 2015.

Plaintiff filed the instant Motion for Relief from Judgment on November 19, 2014. It requests that the court grant Plaintiff relief from the February 3, 2012 Order Dismissing Case Without Prejudice. (Dkt. # 8.) Pursuant to Federal Rule of Civil Procedure 60, a motion seeking relief from a final judgment, order, or proceeding "must be made within a reasonable time."[1] Fed. R. Civ. P. 60(c)(1). If the grounds for relief is mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party, then the Rule 60 motion must be filed "no more than a year after the entry of the judgment or order or the date of the

---

[1] Plaintiff purports to file his Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 59. (Dkt. # 23, Pg. ID 156.) Rule 59 concerns motions for a new trial and motions for altering or amending a judgment. Fed. R. Civ. P. 59. Meanwhile, Federal Rule of Civil Procedure 60 governs motions seeking relief from a judgment or order, such as the instant motion. Fed. R. Civ. P. 60. Accordingly, the court construes the instant motion as a Rule 60 motion, rather than a Rule 59 motion. Notably, Rule 59 motions must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b), (e).

proceeding." Fed. R. Civ. P. 60(c)(1).  Plaintiff's motion does not appear to be based on any of these grounds, thus the motion must comply with Rule 60(c)(1)'s "reasonable time" requirement.

"A reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay."  *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citations omitted).  "Factors to be considered include the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief."  *Ali v. Hofbauer*, No. 97-70236, 2012 WL 1192171, at *2 (E.D. Mich. Apr. 10, 2012) (citing *Olle v. Henry & Wright Corp.*, 920 F.2d 357, 365 (6th Cir. 1990).  The Sixth Circuit has held that a district court does not abuse its discretion in finding that waiting over eleven months to file a Rule 60 motion did not comply with the requirement to file a motion within reasonable time where the moving party did not identify any "good reason" for the delay.  *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006).  Here, Plaintiff's Motion for Relief from Judgment was filed over thirty-three months after the Order Dismissing Case Without Prejudice. Plaintiff has not articulated any basis for such a delay—let alone a reasonable basis.  Accordingly,

IT IS ORDERED that Plaintiff Jack G. Smith-El's Motion for Relief from Judgment (Dkt. # 23) is DENIED WITHOUT PREJUDICE.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 21, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 21, 2015, by electronic and/or ordinary mail.

                                          s/Lisa Wagner  
                                         Case Manager and Deputy Clerk  
                                         (313) 234-5522